UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN AKA ROBERT STANLEY WOODS,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER SOARES, et al.,<br><br>Defendants. | No. 2:24-cv-1768-SCR-P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without an attorney in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    In Forma Pauperis Statute**

Plaintiff has requested leave to proceed in forma pauperis. Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)).

## II. Prior Cases Counting as Strikes

A review of cases plaintiff previously filed in this court shows that at least three were dismissed for failure to state a claim.[1]

### A. Rushdan v. Terhune, et al., No. 2:01-cv-00364-LKK-GGH (E.D. Cal.)

After dismissing the original complaint for failing to state a claim and granting plaintiff leave to amend, this case was eventually dismissed once plaintiff failed to file an amended complaint. "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017). Thus, the court finds that this prior action constitutes a strike within the meaning of 28 U.S.C. § 1915(g).

### B. Rushdan v. Ramirez-Palmer, et al., No. 2:02-cv-00524-DFL-DAD (E.D. Cal.)

The court dismissed this case without prejudice for failing to state a claim and thus constitutes a second strike.

### C. Rushdan v. Gear, et al., No. 1:16-cv-01017-LJO-BAM (E.D. Cal.)

On June 12, 2018, this case was dismissed with prejudice for failing to state a cognizable claim for relief. As a result, the court concludes that it constitutes plaintiff's third strike. 28 U.S.C. § 1915(g).

Based on the court's review of these prior cases, plaintiff may only proceed in forma pauperis if he plausibly alleges that he was faced with imminent danger of serious physical injury at the time he filed the complaint. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). In this case, there is no allegation by plaintiff that he is under imminent danger of serious physical injury at the time that he filed the complaint. Nor could he plausibly do so based on his claims that are based on the use of false information to deny him parole. ECF No. 1.

---

[1] The court may take judicial notice of court filings. See Reyn's Pasta Bella, LLC v. Visa, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); see also Fed. R. Evid. 201.

In light of the foregoing, the undersigned recommends denying plaintiff's request for leave to proceed in forma pauperis. It is further recommended that plaintiff be granted thirty days in which to pay the full filing fee for this action.

### III.    Plain Language Summary for Party Proceeding Without a Lawyer

Since plaintiff is representing himself in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

In deciding whether to allow you to proceed without paying the filing fee, the court has reviewed the prior cases that you filed. Three of these prior cases count as "strikes" and there is no showing that you were in imminent danger of serious physical injury at the time you filed this case. So it is recommended that you be required to pay the whole filing fee at one time if you want to proceed with this case.

If you disagree with this recommendation, you have 21 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The final decision will be made by the district judge assigned to your case.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be denied.

2. Plaintiff be granted thirty days in which to pay the $405 filing fee for this action.

3. Failure to pay the filing fee within the time provided will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 10, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4