UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALADIN RUSHDAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JENNIFER SOARES, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-01768-DAD-SCR (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. Nos. 2, 8) |

　　　　Plaintiff Saladin Rushdan is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On March 11, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for leave to proceed *in forma pauperis* be denied.  (Doc. No. 8 at 3.)  Specifically, the magistrate judge concluded that plaintiff had previously filed three actions that were dismissed as frivolous, malicious, or for failing to state a claim, and his complaint in this action does not include allegations demonstrating that he was under imminent danger of serious physical injury at the time of filing the complaint.  (*Id.* at 1–2.)

/////

1

1    The pending findings and recommendations were served on the parties and contained
2    notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.*
3    at 3.) On March 31, 2025, plaintiff filed objections to the findings and recommendations. (Doc.
4    No. 9.)
5    In his objections, plaintiff challenges the validity of the cases cited as strikes in the
6    pending findings and recommendations, specifically *Rushdan v. Terhune, et al.*, No. 2:01-cv-
7    00364-LKK-GGH (E.D. Cal.), arguing that this case was merely filed in the wrong venue. (*Id.* at
8    1.) Plaintiff further contends that he daily faces imminent danger of serious physical injury due to
9    him being denied parole, the subject of plaintiff's complaint. (*Id.*) Plaintiff argues that his age
10   and medical issues cause that danger to increase, and he refers the court to the number of assaults
11   on inmates at plaintiff's current institution of confinement. (*Id.*) Finally, plaintiff argues that he
12   does not have a reliable source of income. (*Id.*)
13   In *Rushdan v. Terhune, et al.*, No. 2:01-cv-00364-LKK-GGH (E.D. Cal.), on May 3,
14   2001, the magistrate judge first ordered that plaintiff's complaint be dismissed with leave to
15   amend because plaintiff's claim rested entirely on an allegation that he was subjected to abusive
16   language, which failed to state a colorable claim for relief pursuant to 42 U.S.C. § 1983 and 28
17   U.S.C. § 1915A(b). (*Rushdan*, Doc. No. 6 at 3.) On July 12, 2001, the magistrate judge later
18   issued findings and recommendations recommending that the action be dismissed without
19   prejudice due to plaintiff's failure to file an amended complaint within the allotted time.
20   (*Rushdan*, Doc. No. 7 at 1.) On September 14, 2001, the assigned district judge adopted in full
21   the magistrate judge's findings and recommendations, dismissing the action without prejudice.
22   (*Rushdan*, Doc. No. 8 at 1–2.) "[W]hen (1) a district court dismisses a complaint on the ground
23   that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to
24   file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Harris v. Mangum*,
25   863 F.3d 1133, 1143 (9th Cir. 2017). Therefore, *Rushdan v. Terhune, et al.*, No. 2:01-cv-00364-
26   LKK-GGH (E.D. Cal.) counts as a strike under § 1915(g).
27   As for plaintiff's argument that he faces imminent danger of serious physical injury, "[a]n
28   extended prison sentence or denial of parole does not necessarily implicate an imminent danger of

2

1 serious bodily harm as required under 28 U.S.C. § 1915(g)." *Hill v. Shaffer*, No. 3:24-cv-01131-
2 JES-MSB, 2024 WL 4547020, at *3 (S.D. Cal. Oct. 22, 2024) (citation omitted).  "The mere fact
3 of plaintiff's confinement is not sufficient to support a finding of imminent danger, and plaintiff
4 has offered no specific allegations indicating that he was personally in any danger at the time the
5 complaint was filed." *Luedtke v. Ciolli*, No. 1:20-cv-00406-NONE-BAM (PC), 2021 WL
6 1103340, at *1 (E.D. Cal. Mar. 23, 2021).  Plaintiff's arguments regarding his age and medical
7 issues and the unspecified number of assaults at plaintiff's current location are conclusory, vague,
8 and also insufficient to support a finding of imminent danger.  *Id.* ("Plaintiff also argues in a
9 generalized and conclusory fashion that because he is incarcerated and all prisons are violent and
10 dangerous, plaintiff is in imminent danger of serious physical injury."); *see also Ciarpaglini v.*
11 *Saini*, 352 F.3d 328, 331 (7th Cir. 2003) ("Courts also deny leave to proceed IFP when a
12 prisoner's claims of imminent danger are conclusory or ridiculous.").

13       As for plaintiff's argument that he does not have a reliable source of income, this does not
14 constitute an exception to the PLRA's three strikes provision.  *See* 28 U.S.C. § 1915(g).

15       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
16 *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's
17 objections, the court concludes that the findings and recommendations are supported by the
18 record and by proper analysis.

19       Accordingly:

20       1.    The findings and recommendations issued on March 11, 2025 (Doc. No. 8) are
21           ADOPTED IN FULL;
22       2.    Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is DENIED;
23       3.    Plaintiff is granted thirty (30) days after the date of service of this order in which
24           to pay the $405 filing fee required to proceed with this action; and
25 /////
26 /////
27 /////
28 /////

4.   Plaintiff is forewarned that his failure to pay the filing fee within the time provided will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **November 3, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE